[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16524
Non-Argument Calendar

_____

D. C. Docket No. 05-61630-CV-WPD

MARIE CUEVAS,

Plaintiff-Appellant,

versus

AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INCORPORATED,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 19, 2007)**

Before TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

This is an action brought against American Express Travel Related Services

Company, Inc. ("AMEX"), by a former employee, Maria Cuevas, under Title VII, 42 U.S.C. § 2000e-2(a), and the Florida Civil Rights Act ("FCRA") of 1992, Fla. Stat. § 760.01, et. seq. Cuevas claimed that AMEX discharged her from her employment on account of her sex. AMEX, in response, denied that it discriminated against Cuevas as alleged and asserted, moreover, that it discharged Cuevas for legitimate non-discriminatory reasons. AMEX moved the district court for summary judgment, and the court granted the motion, on alternative grounds. First, it concluded that Cuevas failed to establish a material issue of fact regarding a crucial element of her prima facie case – that AMEX treated a similarly situated male employee more favorably. Second, assuming for sake of argument that Cuevas actually established that element, the court concluded that she failed to create an issue of fact as to whether AMEX's non-discriminatory reasons for discharging her were a pretext for discrimination. Cuevas now appeals the court's judgment.[1] We affirm.

In her brief, Cuevas argues: that the district court erred in failing to find the existence of a genuine issue of material fact under a mixed-motive analysis because AMEX's decision to discharge her was "tainted with gender-based

---

[1] Cuevas also appeals the court's denial of her motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). Since the motion essentially repeated the arguments she made in opposition to AMEX's motion for summary judgment, we need not mention it further.

animus"; that the court utilized the improper "nearly identical" standard in determining that she had not satisfied the "similarly situated" prong of her prima facie case; that the court should have applied instead a "comparable seriousness" standard; and that the record reveals a material issue of fact as to whether AMEX's proffered reasons for her termination were a pretext for gender discrimination.

Title VII prohibits an employer from discharging an employee on the basis of sex. 42 U.S.C. § 2000e-2(a)(1). When a plaintiff's Title VII claim of gender discrimination is based on circumstantial evidence, as it is here, the claim is evaluated under the so-called McDonnell Douglas burden-shifting framework. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668 (1973). To make out a prima facie case, the plaintiff may show that: "(1) she is a member of a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated male employees more favorably; and (4) she was qualified to do the job." Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999). Where, as here, the plaintiff claims that the employer discriminated against her in meting out discipline, in determining whether the plaintiff and the employees she says are similarly situated, "we evaluate whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." Burke-Fowler, 447 F.3d at 1323

3

(quotation omitted). "[T]he quantity and quality of the comparator's misconduct [must] be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." Maniccia, 171 F.3d at 1368. Although the "nearly identical" misconduct requirement was called into question by Alexander v. Fulton County, Ga., 207 F.3d 1303, 1334 (11th Cir. 2000), we are "bound to follow Maniccia's 'nearly identical' standard rather than the standard articulated in Alexander because when a later panel decision contradicts an earlier one, the earlier panel decision controls." Burke-Fowler, 447 F.3d at 1323 n.2. In any event, Cuevas fails to satisfy either standard in this case.

In Burke-Fowler, the plaintiff, an African-American correctional officer, claimed racial discrimination in the form of disparate treatment after she was fired for violating anti-fraternization policies when she married an inmate she met while the inmate was incarcerated at the prison where she worked. 447 F.3d at 1321-22. She asserted that similarly situated white employees were treated more favorably because they were not let go when they fraternized with inmates. Id. at 1324. We held that the comparators did not engage in misconduct that was "nearly identical" to the plaintiff's, noting that two of the comparators had relationships with individuals who subsequently became incarcerated and two others were not romantically involved with inmates. Id. at 1325. We therefore affirmed the district

court's grant of summary judgment.  Id. at 1326.

Cuevas failed to show that her comparator, Octavio Cespedes, was similarly situated to her, and thus failed to establish a prima facie case.  She also failed to raise an issue of material fact as to whether AMEX's reasons for discharging her were pretextual.  AMEX was therefore entitled to summary judgment.

**AFFIRMED.**